# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ESTATE OF RICHARD BROOKES
HIBBARD,**

     **Plaintiff,**

**v.**              **Case No: 6:18-cv-63-Orl-31KRS**

**JEANNE HIBBARD and ALLIANZ LIFE
INSURANCE COMPANY OF NORTH
AMERICA,**

     **Defendants.**

_____

## ORDER

   This matter comes before the Court on the Motion to Dismiss for Lack of Jurisdiction (Doc. 11) and the Motion to Dismiss Count III (Doc. 12) filed by Defendant Jeanne Hibbard, as well as the responses in opposition to those motions (Doc. 26, 28) filed by the Plaintiff, the Estate of Richard Brookes Hibbard (henceforth, the "Estate"), and Jeanne Hibbard's reply (Doc. 39) to those responses.

   **I.  Background**

   Richard Brookes Hibbard died on October 3, 2016. At the time, he was residing in Florida. Shortly thereafter, his estate was opened in Volusia County. Five years earlier, while living in New Hampshire, he had purchased an annuity from Defendant Allianz Life Insurance Company of North America ("Allianz"), naming his then-wife, Jeanne Hibbard, as the beneficiary. In July 2013, the Hibbards – still residing in New Hampshire – were divorced.

   Richard Brookes Hibbard never changed the beneficiary designation on the Allianz annuity. Shortly after the death of her former husband, Jeanne Hibbard obtained approximately

$97,000 from his account with Allianz.   On January 10, 2018, the Estate filed the instant suit claiming, *inter alia*, that a Florida statute had automatically revoked the beneficiary designation of the Allianz annuity at the time of the divorce, meaning that Jeanne Hibbard was not entitled to the $97,000.   By way of the instant motions, Jeanne Hibbard contends that this Court lacks subject matter jurisdiction over this case and, in the alternative, that the Florida statute did not apply to the beneficiary designation of the Allianz annuity.

## II.   Legal Standards

### A.   Subject Matter Jurisdiction Challenges

Attacks on subject matter jurisdiction under Rule 12(b)(1) take two forms: facial or factual. Facial attacks on the complaint merely require that the court look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the complaint are taken as true for the purposes of the motion.   *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).   Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.   *Id.*

### B.   Rule 12(b)(6) motions

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).   A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir.1984).   In ruling on a motion to dismiss,

the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988). The Court must also limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007). Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. at 1949 (internal citations and quotations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the plaintiff is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

**III. Analysis**

 A. <u>The Probate Exception</u>

Generally speaking, the jurisdiction of the federal courts does not extend to administering an estate or probating a will.[1] *Markham v. Allen*, 326 U.S. 490, 494, 66 S.Ct. 296, 298, 90 L.Ed.

---

[1] The equity jurisdiction conferred by the Judiciary Act of 1789 [was] that of the English

256 (1946).   However, federal courts do possess jurisdiction to entertain suits between a

decedent's estate on the one hand and claimants, legatees, and heirs on the other, so long as the

federal court does not interfere with the probate proceedings or assume general jurisdiction of the

probate or control of the property in the custody of the state court.   *Id.* (citing *Waterman v. Canal-*

*Louisiana Bank & Trust Co.*, 215 U.S. 33, 43, 30 S.Ctr. 10, 12, 54 L.Ed. 80 (1909)).

Jeanne Hibbard argues that (1) this court has been asked to determine whether the proceeds

of the Allianz annuity are assets of the Estate, and (2) making that determination would constitute

interference with the probate proceedings, thereby moving this case outside the court's grant of

jurisdiction.   In support, she cites *Ashton v. Josephine Bay Paul & C. Michael Paul Found.*, 918

F.2d 1065 (2d Cir. 1990).   In *Ashton*, the will at issue left everything to the decedent's sister.   *Id.*

at 337.   The decedent's daughter filed suit in the probate court, alleging that the will was a fraud;

two years later, she filed suit in federal court against her aunt (and others), alleging fraud in

connection with the will.   *Id.*   The Second Circuit found that resolution of the daughter's fraud

claims by the federal court be binding on the probate court, which was still considering the

daughter's challenge to the validity of the will.   *Id.* at 341-42.   That determination would

therefore result in impermissible interference with the probate proceedings, and the federal court

therefore lacked jurisdiction to consider the question.   *Id.* at 342-43.

In the instant case, there is no showing that the probate court is considering whether Jeanne

Hibbard's designation as a beneficiary was automatically revoked by Florida law, or any other

question currently before this court.   As such, there is no basis for the Court to conclude that

resolution of this matter would interfere with the probate proceedings, or that this Court lacks

_____

Court of Chancery in 1789, which did not extend to probate matters.   *Id.*

jurisdiction over this case.   The motion to dismiss for lack of subject matter jurisdiction will be denied.

### B. Revocation of Beneficiary Designation

Florida Statute § 732.703 provides, in pertinent part, that

> A designation made by or on behalf of the decedent providing for the payment or transfer at death of an interest in an asset to or for the benefit of the decedent's former spouse is void as of the time the decedent's marriage was judicially dissolved or declared invalid by court order prior to the decedent's death, if the designation was made prior to the dissolution or court order. The decedent's interest in the asset shall pass as if the decedent's former spouse predeceased the decedent.

Fla. Stat. § 732.703(2).   Based on this statute, the Plaintiff contends that Jeanne Hibbard was no longer a beneficiary of the Allianz annuity when Richard Brookes Hibbard died and was not entitled to the $97,000.

However, Fla. Stat. § 732.703(2) further provides that subsection 2 does not apply "[i]f the governing instrument is governed by the laws of a state other than this state".   Fla. Stat. § 732.703(4)(g).   Jeanne Hibbard contends that the governing instrument in this case is the New Hampshire divorce decree, which obviously is governed by New Hampshire law rather than Florida law, and therefore the automatic revocation of Section 732.703(2) does not apply.

The statute defines "governing instrument" as "any writing or contract governing the disposition of all or any part of an asset upon the death of the decedent."   Fla. Stat. § 732.703(1)(e).   Under that definition, the governing instrument for the Allianz annuity would be the contract between Richard Brookes Hibbard and Allianz, not her divorce decree.   Because the Movant's argument is based on the divorce decree being the governing instrument, her latter motion to dismiss will also be denied.

## IV. Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss for Lack of Jurisdiction (Doc. 11) and the Motion to Dismiss Count III (Doc. 12) are **DENIED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 31, 2018.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE